IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAUNDRA TAYLOR                          :

     v.                                    :   Civil Action No. DKC 21-3192

                                           :
MGM RESORTS INTERNATIONAL, LLC,
et al.                                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this *pro se* public accommodation case is a motion to dismiss filed by Defendants MGM Resorts International, LLC, ("MGM Resorts") and MGM National Harbor Casino ("MGM Casino"). (ECF No. 9). The issues have been fully briefed, and the court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted in part and denied in part.

**I.  Factual Background**

The facts outlined here, which are set forth in the complaint and an accompanying exhibit, are construed in the light most favorable to the Plaintiff, Saundra Taylor. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding that attached documents "integral to the complaint and authentic" may be considered on a motion to dismiss).

Ms. Taylor is an African American woman. (ECF No. 1, ¶ 3). She alleges that on November 1, 2021, the John Doe Defendant, who

she knows only as a white, male table-game and floor supervisor at MGM Casino named Steve, "rudely interfered with [her] while she was shooting the dice . . . at the craps table." (*Id.*, ¶¶ 1, 5, 7). In response, Ms. Taylor said:

> I saw you lurking; you was just waiting for me to say something to someone; as soon as I start[ed] talking to someone here you come; I am here to tell you no longer throw me off of my game as you used to; you no longer has that privilege anymore; I am no longer going to give you that privilege; if you wants to communicate with me I will appreciate it if you do it outside; will be glad to tell you where I live; and give you my address.

(*Id.*, ¶ 7). Steve then "made a false statement [that Ms. Taylor] verbally threatened him to the Floor Supervisor, Manager on Duty (MOD), and Security." (*Id.*). "Consequently, Security at [MGM Casino] debarred Ms. Taylor for 24-hours[.]" (*Id.*). The Casino barred Ms. Taylor for another twenty-four hours for harassment after she returned the next day to contest her original penalty. (*Id.*, ¶ 8). Ms. Taylor subsequently learned that she had an outstanding ban on entering the MGM Casino based on a June 2017 poker incident. (*Id.*, ¶ 9). Defendants did not respond to her requests to have that ban rescinded. (*Id.*).

## II. Procedural Background

Ms. Taylor alleges that she filed a complaint with the Maryland Gaming Commission in November 2021. (ECF No. 1, ¶ 6). Around the same time, she filed a civil rights complaint with the

2

State of Maryland Commission on Civil Rights which was closed the next month. (*Id.*). Then, Ms. Taylor, without legal representation, filed this suit against MGM Reports, MGM Casino, and John Doe Defendant. (ECF No. 1, at 1). She asserts claims for: (1) defamation per se, (2) race and color discrimination under Title II of the Civil Rights Act, 42 U.S.C. § 2000a, and Maryland Code, State Government § 20-304, (3) intentional infliction of emotional distress ("IIED"), (4) negligent hiring, retention, and supervision, and (5) negligent failure to train. (*See generally id.*). She seeks injunctive relief, compensatory and punitive damages, and attorney's fees. (*Id.*, ¶ 58). Defendants moved to dismiss, Ms. Taylor opposed, and Defendants replied. (ECF Nos. 9, 11, 14).

### III. Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[] of entitlement to relief," *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

Unrepresented parties' pleadings are liberally construed and held to a less strict standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction means that courts will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it "does not mean overlooking the pleading requirements[.]" *See Bing v. Bravo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020) (citation omitted); *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). Where an unrepresented plaintiff's complaint must be dismissed, courts should provide "notice of the deficiencies" so that the plaintiff can "use[] the opportunity to amend effectively." *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**IV. Analysis**

    **A.   Defamation *Per Se***

In Maryland, the elements of a claim for defamation *per se* are: "(1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was

4

false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm." *See Doe v. Johns Hopkins Health Sys. Corp.*, 274 F.Supp.3d 355, 365 (D.Md. 2017) (citing *Gohari v. Darvish*, 767 A.2d 321, 327 (Md. 2001)) (resolving summary judgment motion).

Defendants challenge nearly all elements of Ms. Taylor's claim. They first argue that Ms. Taylor has not alleged a defamatory statement. They assert two bases for this argument: (a) that the alleged statement does not fall within any of the *per se* categories of defamation, and (b) that the alleged statement asserts an opinion, not facts.

"A statement that is defamatory *per se* is one for which the 'words themselves impute the defamatory character,' such that the plaintiff need not plead additional facts demonstrating their defamatory nature." *Johns Hopkins*, 274 F.Supp.3d at 265 (quoting *Metromedia, Inc. v. Hillman*, 400 A.2d 1117, 1123 (Md. 1979)). Statements in which the words themselves impute defamation impute a: (1) criminal offense, (2) loathsome disease, (3) matter incompatible with one's business, and (4) serious sexual misconduct. Restatement (Second) of Torts § 570 (cited favorably in *S. Volkswagen, Inc. v. Centrix Fin., LLC*, 357 F.Supp.2d 837, 843 (D.Md. 2005)); *see also Smith v. Danielczyk*, 400 Md. 98, 115 (2007) ("Words that falsely impute criminal conduct to a plaintiff are defamatory." (citation omitted)). Ms. Taylor adequately

5

alleges that John Doe Defendant's statement accused her of a criminal offense - assault. Although the details are sparse, he allegedly reported that she "verbally threatened him." At this early stage, that is enough. *See KDSTI Slassie Tewahdo Church v. Ghebreamlak*, No. 07-cv-0863-DKC, 2008 WL 11366449, at *4 (D.Md. July 17, 2008) (alleging statements asserting illegal presence in United States).

Defendants' assertion that this statement was an opinion, rather than a fact, fares no better. True, "[i]f a statement 'cannot reasonably be interpreted as stating actual facts about an individual,' it cannot be the subject of a defamation suit." *Schnare v. Ziessow*, 104 F.App'x 847, 850-51 (4th Cir. 2004) (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990)). But the statement here clearly asserts a fact—that Ms. Taylor threatened him—rather than an opinion—that Ms. Taylor was a threatening person.

Defendants argue second that Ms. Taylor has not pleaded publication because the statement was not published "outside MGM." (ECF No. 9-2, at 7). They appear to concede, however, that "it is possible for intra-company communications to be defamatory." (*Id.*). Defendants point to no case supporting their argument and, indeed, their concession appears accurately to state the law. Publication merely requires that "the defendant made a defamatory statement to a third person." *Harvey v. Cable News Network, Inc.*,

6

520 F.Supp.3d 693, 714 (D.Md. 2021) (citation omitted). Ms. Taylor alleges that John Doe Defendant made the statement to "the Floor Supervisor, Manager on Duty [], and Security." (ECF No. 1, ¶ 7). The fact that they were also employees of MGM does not mean the statement was not published. She also alleges that other customers were present who told MGM employees that she had not threatened anyone. This implies that others might have overheard John Doe Defendant's allegedly defamatory remark.

Defendants argue third that John Doe Defendant's statement is not pleaded with enough specificity. "To satisfy federal pleading standards, a plaintiff must specifically allege each defamatory statement." *Doe v. Salisbury Univ.*, 123 F.Supp.3d 748, 757 (D.Md. 2015) (citation omitted). A complaint must "contain[ a] specific description of the content of the alleged statements, [and] when and how they were communicated." *Brown v. Ferguson Enters., Inc.*, No. 12-cv-1817-CCB, 2012 WL 6185310, at *3 (D.Md. Dec. 11, 2012). Ms. Taylor meets this requirement. She alleges with specificity the context for the communication – that it was an oral statement by John Doe Defendant to "the Floor Supervisor, Manager on Duty, and Security" on November 1, 2021, at the MGM Casino. She also specifically pleads the substance of the communication. While she does not provide precise details, she clearly provides the statement's core message – that Ms. Taylor "verbally threatened" John Doe. That is enough.

Defendants argue last that John Doe Defendant was qualifiedly privileged to make the alleged statement, even assuming Ms. Taylor's assertions about its content are true. They contend that Ms. Taylor was required to "overcome" this privilege in her complaint. But "qualified privilege is an affirmative defense, and a motion to dismiss under Rule 12(b)(6) 'does not generally invite an analysis of potential defenses to the claims asserted in the complaint.'" *Johns Hopkins*, 274 F.Supp. 3d at 367 (internal citation omitted) (quoting *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 185 (4th Cir. 2000)). Because Defendants invoke the privilege solely to argue that Ms. Taylor bears the burden to refute it, it cannot be a basis for dismissal at this stage.[1]

Ms. Taylor will be allowed to proceed with her claim for defamation *per se*.

**B.   Public Accommodation Race and Color Discrimination**

"Title II of the Civil Rights Act . . . provides: 'All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race[ and] color[.]" *Hodge v.*

---

[1] To the extent Defendants assert new arguments for dismissal in their reply, (*see* ECF No. 14, at 3-5), the court will not entertain them. Ms. Taylor has not had an opportunity to respond.

*Cordish Cos. Inc.*, No. 17-cv-0254-ELH, 2017 WL 3007069, at *5 (D.Md. July 14, 2017) (quoting 42 U.S.C. § 2000a(a)).  Maryland law also prohibits discrimination on the basis of race in public accommodations.  Md. Code Ann., State Gov't § 20-304.  Although Defendants do not specifically attack Ms. Taylor's state law claim, the court assumes that its Title II arguments apply equally.[2]

Defendants argue that Ms. Taylor's complaint cannot support an inference that she was prohibited from the MGM Casino because of her race.  They are right.  To allege that a defendant acted because of an individual's race or color, there must be "some connective thread between the alleged mistreatment and the protected status." *See Gough v. Rock Creek Sports Club*, No. 19-cv-3533-PJM, 2021 WL 795447, at *2 (D.Md. Mar. 2, 2021) (Title VII case).  Although "a plaintiff is not required to identify" comparators, that is one way to satisfy Rule 8's pleading requirements.  *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F.App'x 745, 748 (4th Cir. 2017) (unpublished) (citing *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545-46 (4th Cir. 2003)) (Sections 1981 and 1983 case).  Ms. Taylor's complaint identifies no comparators, no pattern of disparate treatment, and no

---

[2] Although not raised by Defendants, it also appears that Maryland's public accommodations statute does not create private right of action. *Doe v. Cmty. Coll. of Balt. Cnty.*, No. 21-cv-0180-ELH, 2022 WL 971079, at *8 (D.Md. Mar. 30, 2022).

statements or conduct indicative of racial animus. Without more, she has not plausibly alleged race or color discrimination.

### C. IIED

"An IIED claim has four elements: '(1) [t]he conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; [and] (4) the emotional distress must be severe.'" *Adams v. Cameron*, No. 20-cv-3739-TDC, 2021 WL 5280978, at *9 (D.Md. Nov. 12, 2021) (quoting *Manikhi v. Mass Transit*, 758 A.2d 95, 113 (Md. 2000)). "The Maryland courts have made it clear that 'recovery [for IIED] will be meted out sparingly, its balm reserved for those wounds that are truly severe and incapable of healing themselves.'" *Bongam v. Action Toyota, Inc.*, 14 F.App'x 275, 283 (4th Cir. 2001) (quoting *Figueiredo-Torres v. Nickel*, 584 A.2d 69, 75 (Md. 1991)).

Defendants challenge, and Ms. Taylor has not adequately alleged, extreme and outrageous conduct. Such conduct must "go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Adams*, 2021 WL 5280978, at *9 (quoting *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977)). To support her claim, Ms. Taylor alleges that John Doe Defendant falsely accused her of threatening him and that she was denied entry to Defendants' casino because of her race. There is no doubt that falsely accusing another of making

10

threats and barring another from a public establishment based on her race would be harmful. But, such actions, even if true, are not "extreme and outrageous" under Maryland law. *See, e.g.*, *Bongam*, 14 F.App'x at 283 (rejecting IIED claim for use of racial epithet); *Beye v. Bureau of Nat'l Affairs*, 477 A.2d 1197, 1204-05 (Md.Ct.Spec.App. 1984) (rejecting IIED claim based in part on physical assault); *Dangerfield v. Johns Hopkins Bayview Med. Ctr., Inc.*, No. 19-cv-0155-JKB, 2019 WL 5190977, at *2 (D.Md. Oct. 15, 2019) (rejecting IIED claim for vague allegation that faced discipline for false accusations).

### D.  Negligence

As noted above, Plaintiff asserts claims for negligent hiring, training, supervision, and retention. "In this context, '[a]s in any action for negligence, a plaintiff . . . must prove duty, breach, causation, and damages.'" *Cmty. Coll. of Balt. Cnty.*, 2022 WL 971079, at *19 (quoting *Fid. First Home Mortg. Co. v. Williams*, 208 Md.App. 180, 198 (2012)). "[U]nder Maryland law, 'an employer is obligated to the public to use due care in selecting and retaining only competent and careful employees.'" *Id.* (quoting *Asphalt & Concrete Servs., Inc. v. Perry*, 221 Md.App. 235, 255-56 (2015)). As Ms. Taylor's negligence claims are grounded in an employee's alleged intentional tort, she must plead:

> (1) her injury was caused by the tortious conduct of an employee; (2) that the employer knew or should have known by the exercise of

11

> diligence and reasonable care that the employee was capable of inflicting harm of some type; (3) that the employer failed to use proper care in selecting, supervising, or retaining that employee; (4) and that the employer's breach of its duty was the proximate cause of the Plaintiff's injuries.

*Id.* (quoting *Jordan v. W. Distributing Co.*, 135 F.App'x 582, 589 (4th Cir. 2005)) (cleaned up).

Defendants advance three arguments against Plaintiff's negligence claims. The court need only address one. Ms. Taylor has not adequately alleged that Defendants "knew or should have known" that John Doe Defendant was capable of defaming members of the public. (Based on the discussion above, defamation is the only underlying tortious conduct that can viably support the first element of Ms. Taylor's negligence claims.) Nothing in her complaint suggests John Doe Defendant defamed other patrons or otherwise conducted himself in a manner suggesting he was likely to make maliciously false accusations about others.

## V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted in part and denied in part. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
