```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

                              :
SAUNDRA TAYLOR
                              :
     v.                       :   Civil Action No. DKC 21-3192
                              :
MGM RESORTS INTERNATIONAL, LLC,
et al.                        :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this defamation case is the motion for leave to amend the complaint filed by Plaintiff Saundra Taylor. (ECF No. 33). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for leave to amend will be granted in part and denied in part.

Plaintiff filed a complaint on December 16, 2021, naming as Defendants MGM Resorts International, LLC, MGM National Harbor Casino (together, the "MGM Defendants"), and "John Doe." (ECF No. 1). Her complaint included claims of defamation, intentional infliction of emotional distress, negligence, negligent hiring and supervision, and race discrimination under Title II of the Civil Rights Act, 42 U.S.C. § 2000a, and Maryland Code, State Government § 20-304. She alleged that on November 1, 2021, Defendant John Doe, an employee at MGM National Harbor Casino, "made a false

statement [that] Plaintiff verbally threatened him to MGM National Harbor Casino[]'s Floor Supervisor, Manager on Duty (MOD), and Security." (ECF No. 1 at 4). The complaint described Defendant John Doe as a Caucasian, male "table game and floor supervisor in Pit 4" named "Steve." She stated that his full identity and address were unknown to her, but not to Defendants, and that she would seek to amend the complaint once she learned his full identity. The MGM Defendants filed a motion to dismiss under Rule 12(b)(6) on February 23, 2022, and the motion was granted as to all claims except the defamation claim (Claims II-V). (ECF Nos. 9, 17, 18). The court issued a scheduling order on January 19, 2023, which scheduled the close of discovery to be June 5, 2023. (ECF No. 31).

Plaintiff filed the currently pending motion for leave to amend the complaint on March 9, 2023. (ECF No. 33). She explains that she learned the identity of Defendant John Doe through discovery and seeks to amend the complaint to replace "John Doe" with his real name, Steven Manning. She attached a proposed amended complaint that substitutes "Steven Manning" for "John Doe" throughout the original complaint, including all the claims that were dismissed. The MGM Defendants oppose Plaintiff's motion, arguing that amendment would be futile because (1) Plaintiff cannot revive her previously dismissed claims and (2) Plaintiff's

2

defamation claim against Steven Manning is barred by the statute of limitations.

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The rule adds, however, that "[t]he court should freely give leave when justice so requires." *Id.* Indeed, leave to amend a complaint should be liberally granted unless there is a specific reason not to do so, such as where the amendment would be futile because "the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

Plaintiff's motion does not explain or provide reasons in support of her reassertion of the claims that the court previously dismissed. An amendment seeking to revive dismissed claims is futile where the proposed amendments do not add any new facts to the complaint that would have altered the court's previous dismissal of those claims under Rule 12(b)(6). *See Devil's Advoc., LLC v. Zurich Am. Ins. Co.*, 666 F.App'x 256, 267 (4th Cir. 2016); *see also Cutonilli v. Maryland*, 251 F.Supp.3d 920, 923 (D.Md.), *aff'd*, 696 F.App'x 648 (4th Cir. 2017). Plaintiff's motion will be denied as to her proposed revival of the claims that were previously dismissed (Claims II-V).

As for Plaintiff's proposal to substitute Steven Manning for Defendant John Doe, it cannot be said that such an amendment would be futile. It is axiomatic that an amendment would be futile when a statute of limitations bars the cause of action. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). This notion includes an amendment substituting or adding a new defendant. *See, e.g.*, *Everett v. Prison Health Servs.*, 412 F.App'x 604, 606 (4th Cir. 2011). Because claims for defamation under Maryland law are subject to a one-year statute of limitations, *see* Md. Code, Cts. & Jud. Proc. § 5-105, and Plaintiff alleges that Mr. Manning made the defamatory statement on November 1, 2021, Plaintiff's assertion of the defamation claim against Mr. Manning at this point would fall outside the limitations period unless it relates back to the filing of the original complaint.

Federal Rule of Civil Procedure 15(c) allows for relation back of amendments that change "the naming of the party against whom a claim is asserted" if the following conditions are met: (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," (2) "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits," and (3) within that same time period, the party to be brought in by

4

amendment "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c).

Clearly, the first condition is met because Plaintiff merely seeks to identify "John Doe" and does not change the allegations she has made against him. The closer question is whether the second and third conditions are met. The United States Court of Appeals for the Fourth Circuit previously held that "Rule 15(c)(2) permits an amendment to relate back only where there has been an error made concerning the identity of the proper party . . . , but it does not permit relation back where . . . there is a lack of knowledge of the proper party." *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989) (quoting *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). Applying this rule, courts in this district have held that "the naming of John Doe as a defendant [cannot] constitute[] the requisite mistake for the purposes of relation back." *See Barnes v. Prince George's Cnty.*, 214 F.R.D. 379, 382 (D.Md. 2003); *see also Jeanty v. Hustler*, No. 13-cv-1634-GLH, 2016 WL 234814, at *7 (D.Md. Jan. 19, 2016).

The Fourth Circuit, sitting en banc, has since clarified that Rule 15(c)'s emphasis is on "notice, rather than on the type of 'mistake' that has occurred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 473 (4th Cir. 2007) (en banc); *see also id.* at 470

5

(disapproving of courts' reliance on the "mistake" language to deny substitutions of new defendants for "Doe" defendants).[1]  The Fourth Circuit has held that "[n]otice may be presumed when the nature of the claim is apparent in the initial pleading and the added defendant has either a sufficient identity of interest with the original defendant or received formal or informal notice of the claim."  *W. Contracting Corp.*, 885 F.2d at 1201.  Courts have imputed notice to a new defendant who shared the same attorney as the originally named defendants where the defendants bore a sufficient "identity of interest" and the descriptions in the complaint made clear to the defendants whom the plaintiff intended to sue.  *See Goodman*, 494 F.3d at 474-75.  For example, courts have found that notice could be imputed to a "John Doe" state official defendant represented by the state attorney general when all other originally named defendants were state officials represented by the state attorney general, and the defendants "had the means and ability to identify the John Doe officer."  *See McDaniel v. Maryland*, No. 10-cv-00189-RDB, 2010 WL 3260007, at *5

---

[1] In *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), the Supreme Court expressed the same principle the Fourth Circuit endorsed in *Goodman*, holding that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge[.]"  *Id.* at 541.  *See also Williams v. Kincaid*, 45 F.4th 759, 775-76 (4th Cir. 2022) (noting that although the Fourth Circuit has "yet to squarely address th[e] question" of whether naming a Doe defendant can constitute a "mistake," it has "rejected formalism in evaluating 'mistake' under Rule 15(c).").

(D.Md. Aug. 18, 2010); *Byrd v. Abate*, 964 F.Supp. 140, 146 (S.D.N.Y. 1997) ("Notice of a lawsuit can be imputed to a new defendant state official through his attorney, when the attorney also represents the officials originally sued."); *see also Goodman*, 494 F.3d at 473 (imputing notice to a subsidiary company who shared attorneys with the originally named parent company).

Here, as Plaintiff notes, Mr. Manning shares the same attorney as the MGM Defendants, and Mr. Manning's interests as a defendant are aligned with the MGM Defendants, whose liability is based on Mr. Manning's through *respondeat superior*. Indeed, the only employee of the MGM Defendants alleged to have engaged in wrongdoing is "Defendant John Doe Steve," who is described as a floor supervisor. Because Plaintiff described Mr. Manning using his first name and a detailed description of his identity in the original complaint, Defendants "have had the means and ability to identify" him as "John Doe." *See McDaniel*, 2010 WL 3260007, at *5. The named corporate defendants could not investigate or defend themselves without the input of Mr. Manning. While the relationship of employer/employee may not always provide constructive notice, *see Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 200 (3d Cir. 2001) ("[A]bsent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the

7

employer can be imputed to the employee for Rule 15(c)(3) purposes."), it self-evidently is a circumstance to be considered. And, all defendants were on notice that Plaintiff intended to identify John Doe fully and bring him into the suit as soon as she could.

Finally, any prejudice to Mr. Manning as a result of being added as a defendant in this case would be minimal. The MGM Defendants have so far adequately defended his interests, which are aligned with their own. See *McDaniel*, 2006 WL 326007, at \*6.

For those reasons, it cannot be said that Plaintiff's amendment to name Steven Manning in place of Defendant John Doe would be futile. Thus, Plaintiff's motion will be granted as to the addition of Steven Manning as a defendant, but it will be denied as to the attempted revival of Claims II through V, which have been dismissed.[2] A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[2] Plaintiff's proposed amended complaint contains many non-substantive revisions to the phrasing and descriptions of the facts section that are not designated as changes in the redline version she submitted. Because Defendants do not specifically oppose any of these mostly insignificant changes, Plaintiff's motion will also be granted as to those aspects of the proposed amended complaint.