IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAUNDRA TAYLOR                          :

    v.                                  :   Civil Action No. DKC 21-3192

MGM RESORTS INTERNATIONAL, LLC,         :
et al.                                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this defamation case is the motion for reconsideration filed by Plaintiff Saundra Taylor.[1] (ECF No. 52). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration will be denied.

Plaintiff seeks reconsideration of the court's April 11, 2023, memorandum opinion and order granting in part and denying in part Plaintiff's motion for leave to amend her complaint. (ECF Nos. 43, 44). Federal Rule of Civil Procedure 54(b) governs motions for reconsideration of orders "that adjudicate[] fewer than all the claims" and "do[] not end the action." Fed.R.Civ.P. 54(b); *see also Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th

---

[1] Plaintiff titled her motion "Motion to Alter or Amend Judgment," but because a denial of a motion for leave to amend is not a "judgment," the motion is more appropriately construed as a motion for reconsideration.

Cir. 2017). Courts in this circuit generally only reconsider interlocutory orders under the following narrow circumstances: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva, LLC v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005); *see also Carlson*, 856 F.3d at 325. A motion for reconsideration "may not be used merely to reiterate arguments previously rejected by the court," *Innes v. Bd. of Regents of the Univ. Sys. of Md.*, 121 F.Supp.3d 504, 507 (D.Md. 2015), nor may it be used "to advance new arguments not previously articulated with clarity after those that were made have been rejected," *see Carrero v. Farrelly*, No. 16-cv-3939-JKB, 2018 WL 1761957, at *2 (D.Md. Apr. 12, 2018).

Plaintiff argues that the court should reconsider its decision "because of the legal errors in the" court's denial of Plaintiff's request to reassert Counts II through V, which were previously dismissed for failure to state a claim. (ECF No. 52, at 3). The court denied that aspect of Plaintiff's motion because she did not "add any new facts to the complaint that would have altered the court's previous dismissal of those claims." (ECF No. 43, at 3). She had proposed to amend the complaint to add recitations of legal standards and conclusory statements but no new facts, and she did not explain in her motion or reply to

2

Defendant's opposition brief why those additions should alter the court's previous dismissal of those claims. *See Devil's Advoc., LLC v. Zurich Am. Ins. Co.*, 666 F.App'x 256, 267 (4th Cir. 2016) (concluding that a district court's denial of a motion for leave to amend was proper when a plaintiff's "attempt to add four conclusory statements, most of which had previously been alleged or inferred . . . added no facts that would have altered the district court's earlier dismissal under Rule 12(b)(6)"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"). In her motion for reconsideration, Plaintiff attempts for the first time to make arguments in support of her proposed amendments, but they essentially amount to explanations of Plaintiff's disagreement with the court's initial dismissal of her claims and arguments that she could have made in her motion for leave to amend or reply to Defendant's opposition.

Plaintiff argues that it would not have been futile for her to amend her complaint to add support for her Title II claim because she alleged a prima facie case of public accommodation discrimination. (ECF No. 52, at 7). The court originally dismissed this claim because Plaintiff failed to identify any comparators, a pattern of disparate treatment, or statements or

3

conduct indicative of racial animus. (ECF No. 17, at 9-10). The only addition in Plaintiff's proposed amended complaint that appeared to address that defect was an unsupported statement that "MGM Harbor Casino banned Plaintiff because she is black." (ECF No. 33-6, at 7-8). This is not a factual allegation but rather a conclusory statement, and it would not save this claim from dismissal.

Similarly, Plaintiff argues that her proposed amendments to her negligence claims would have cured the defect previously identified by the court, which was that she failed adequately to allege that "Defendants 'knew or should have known' that [Mr. Manning] was capable of defaming members of the public." (ECF No. 17, at 12). Plaintiff proposed to add to the complaint a verbatim recitation of that quoted phrase and an allegation that Plaintiff made several complaints to MGM "subsequently [sic] to the banning." (ECF No. 33-6, at 12). Again, stating that Defendants "knew or should have known" of Mr. Manning's defamatory tendencies is conclusory, and MGM's awareness of Plaintiff's complaints about the banning after it occurred is irrelevant to their knowledge as it pertains to a negligent hiring, supervision, and retention claim. Additionally, Plaintiff proposed to reframe her negligent training claim as a negligence claim based on MGM's failure to "eliminat[e] unlawful discrimination." Plaintiff has failed, however, to allege facts that support a claim of discrimination—

4

either in her Title II claim or in this claim—and thus, this amendment also would have been futile.

Finally, Plaintiff argues that her proposed amendment to her intentional infliction of emotional distress claim would not have been futile because she proposed to add statements regarding MGM's involvement in the infliction of the emotional distress upon her, and MGM was in a "position of authority." (ECF No. 52, at 8). The court dismissed this claim because the allegation that Mr. Manning falsely accused her of threatening him was not sufficiently "extreme and outrageous." (ECF No. 17, at 10-11). For the same reasons the court provided in dismissing the claim previously, Plaintiff's alleged banning from the casino based on a false statement does not rise to the level of "extreme and outrageous" conduct under Maryland law. (*See id.* (collecting cases)). MGM's "position of authority" as a casino over its patrons—to the extent it could be considered as such—is not a new fact, nor does it change the analysis.

Because Plaintiff has not identified any intervening changes in the law, new evidence, or clear errors in the court's denial in part of her motion for leave to amend, her motion for reconsideration will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

5