## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| SAUNDRA TAYLOR,<br><br>        Plaintiff,<br><br>  v.<br><br>MGM RESORTS INTERNATIONAL, LLC,<br>MGM NATIONAL HARBOR CASINO and<br>STEVEN MANNING,<br><br>        Defendants. | Civil Action No. 8:21-cv-03192-DKC |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Steven Manning, by counsel, hereby submits his Answer and Affirmative Defenses to Plaintiff Saundra Taylor's ("Plaintiff" or "Ms. Taylor") Amended Complaint. Each paragraph below responds to the numbered Paragraphs in Plaintiff's Amended Complaint. Defendant denies all liability on all claims and counts, and denies all allegations not explicitly admitted below.

## AMENDED COMPLAINT

1. Plaintiff amended the complaint consistent with Fed. R.Civ. P.15(c)(1)(C). Changing the fictitious naming of Defendant John Doe in the complaint to Steven Manning, an employee of Defendant MGM National Harbor Casino whose identity became known through discovery.

**ANSWER:** The allegations in this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Defendant admits this

case purports to bring various claims against Defendant, and admits, upon information and belief, Defendant's identity became known to Plaintiff through discovery. Defendant denies any and all illegality and wrongdoing.

2. Plaintiff Saundra Taylor, Pro Se ("Ms. Taylor" or "Plaintiff') complains and alleges against Defendants the MGM Resorts International, LLC, MGM National Harbor Casino, and Steven Manning ("Defendant" or "Defendants") as follows:

**ANSWER:** The allegations in this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Defendant admits this case purports to bring various claims against Defendants, but Defendant denies any and all illegality and wrongdoing.

3. This Court has jurisdiction over parties pursuant to Title II of Civil Rights Act of 1964 and 42 U.S.C. § 2000 (a)(b). Plaintiff demands judgment against Defendants in an amount exceeding seventy-five thousand dollars ($75,000.00).

**ANSWER:** Defendant admits that jurisdiction in this court is proper.

4. Plaintiff, Saundra Taylor, an African-American female, is a resident of Fort Washington, Maryland. Plaintiff reside at the address of 1915 Tall Timber Court.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

5. Defendant MGM National Harbor Casino is a Hotel and Casino that operates in Oxon Hill, Maryland, owned by Defendant MGM Resorts International's principal place of business is in Las Vegas, Nevada. The MGM National Harbor Casino's action violated Plaintiffs protected rights to a place of public accomodations in acting in concert with the Defendant Steven Manning.

**ANSWER:** Defendant admits that Defendant MGM National Harbor Casino is a Hotel and Casino that operates in Oxon Hill, Maryland and that it is owned by Defendant MGM Resorts International. Defendant denies the remaining allegations in this paragraph.

6. Defendant Steven Manning, a Caucasian male, is a resident of Gaithersburg, Maryland that reside at 9725 Digging Road.

**ANSWER:** Defendant admits he is a Caucasian male, but he denies the remaining allegations in this paragraph.

7. Plaintiff has the standing to bring this action pursuant to 42 U.S.C. § 2000a-3 (c), Ms. Taylor filed a complaint with the Maryland Gaming Commission on November 2, 2021, and a civil rights complaint with the State of Maryland Commission on Civil Rights (MCCR) on November 11, 2021, that was closed on December 2, 2021. The actions complained herein were committed within the jurisdiction of the United States District Court for the District of Maryland that directly affects Plaintiff.

**ANSWER:** The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies them.

8. On November 1, 2021, around 7:30 A.M. while Ms. Taylor was shooting the dice and talking to other players at the crap table in Pit 4 Steven Manning, the table game supervisor rudely interrupted Ms. Taylor. Ms. Taylor's response, "I saw you lurking, you were just waiting for me to say something to someone as soon as I start[ed] talking to someone, here you come; I am here to tell you no longer throw me off of my game as you used to; you no longer has that privilege anymore; I am no longer going to give you that privilege; if you want to communicate with me, I will appreciate it if you do it outside; I will be glad to tell you where I live and give you my

address." Exhibit 1 lines 3-6. Subsequently, Steven Manning "made a false statement [that Ms. Taylor] verbally threatened him to the Floor Supervisor, Manager on Duty (MOD and Security. Consequently, Security at MGM National Harbor Casino [Defendant] banned Ms. Taylor for 24-hours, for threathening Defendant Steven Manning even though Security was fully aware that Defendant Steven Manning's statement that Ms. Taylor verbally threaten him was false. Subsequently, other players at the crap table told Security when asked they did not see or witness Ms. Taylor having an altercation with anyone at the table or threatening anyone.

**ANSWER:** Defendant admits he spoke with Plaintiff on November 1, 2021. Defendant denies Plaintiff used the above-quoted language. Plaintiff did, however, raise her voice toward Defendant when he approached the table. Plaintiff refused to talk to Defendant further. She then told Defendant in an aggressive tone and raised voice that the two could step outside to talk. Defendant interpreted this statement by Plaintiff inviting him to speak outside the casino as a threat. Defendant admits that he told his manager he felt Plaintiff threatened him. Defendant denies the remaining allegations in the paragraph.

9. On November 1, 2021, while Ms. Taylor was filing a police report at the Oxon Hill Police Department Ms. Taylor called the MGM National Harbor Casino requesting the full name of Defendant Steven Manning that she only knew his first name Steven. On the telephone one of the female security officer, who barred Ms. Taylor instructed Plaintiff upon her return on November 2, 2021, to explain her situation to the Manager on Duty (MOD) and ask she / or he for Defendant John Doe full name, the employee that made the false statement that Ms. Taylor verbally threaten him. Upon arriving back to MGM National Harbor Casino on November 2, 2021, Eric, the Manager on Duty (MOD) at MGM National Harbor Casino [Defendant], refused to provide Plaintiff the full name of Steven Manning [Defendant], that Ms. Taylor only knew by his first

name Steven (Caucasian male). Subsequently, Security barred Ms. Taylor for another 24-hours falsely accused Ms. Taylor of harassment for just following the advice of Security asking Eric, the Manager on Duty (MOD) for Defendant Steven Manning's full name, the employee of the Defendants that made a false statement that Ms. Taylor verbally threaten him. While Officer Angela Harris was escorting Ms. Taylor to the parking lot Officer Harris told Ms. Taylor "let it play it out; someone will be contacting you soon; I cannot tell you who I forwarded my incident report (# 20210049476) 'to'. (At Exhibit 1)

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in the paragraph and therefore denies them.

10. A few days later, on November 7, 2021, Officer Angela Harris and the same female security officer informed Ms. Taylor that she was previously ban from the MGM Nationa Harbor Casino because of an incident in 2017 in the poker room that Ms. Taylor was absolved by the Poker Director and she had to leave the premise ASAP. In the afternoon of November 7, 2021, Ms. Taylor sent an email (at Exhibit 2) to the address provided by Security requesting the unlawful ban (prohibition) be lifted, removed, or rescinded however, MGM National Harbor Casino never responded. Ms. Taylor filed a civil lawsuit after the State of Maryland Commission on Civil Rights (MCCR) dismissal on November 11, 2021, of Ms. Taylor's filed complaint.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in the paragraph and therefore denies them.

11. In June 2017, Ms Taylor committed no negligent acts that contributed to the incident that the Poker Director [Defendant] absolved Plaintiff in which the Poker Dealer's mistakenly put a hundred dollar chip in the pot that Poker Dealer splitted with Ms. Taylor and another player in a hand.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in the paragraph and therefore denies them.

## FIRST CAUSE OF ACTION
### (Defamation)

12. Plaintiff repeat and reallege each and every allegation contained in paragraphs 1 through 11, as through fully set forth herein.

**ANSWER:** Defendant repeats and realleges each and every response contained in paragraphs 1 through 11, as though fully set forth herein.

13. To establish defamation, a plaintiff need only show (1) that the defendant makes a defamatory statement to a third person; (2) that the statement was false; (3) that the defendant was legally at fault in making the statement that the plaintiff suffered harm; and (4) that the plaintiff thereby suffered harm elements for defamation.

**ANSWER:** The allegations in this paragraph contain legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies engaging any alleged defamatory conduct and further denies that Plaintiff can possibly prove the elements of a valid defamation claim against him.

14. Defendant Steven Manning's statement that Plaintiff verbally threatened him to MGM National Harbor Casino [Defendant] 's Floor Supervisor, Manager on Duty (MOD), and Security was false and done with malice during the scope of his employment with Defendant MGM National Harbor Casino.

**ANSWER:** Denied.

15. Under Maryland law, Defendant Steven Manning's action constitutes defamation.

**ANSWER:** Denied.

16. Under Maryland law, Taylor's remarks to Defendant Steven Manning were not_ threatening_ words. Plaintiffs observation and conduct constituted protected speech under the First Amendment. ¶ 8

**ANSWER:** Denied.

17. Defendant Steven Manning's false statement that Plaintiff verbally threatened him was defamatory and is not privileged.

**ANSWER:** Denied.

18. Defendant made the statement that he knew to be false, intended to harm Plaintiffs reputation, and the false accusation did cause the bans of November 1st, 2nd, and 7th, 2021, and harm to Plaintiffs reputation. ¶¶ 8-10

**ANSWER:** Denied.

19. Defendant Steven Manning's false statement that Plaintiff verbally threatened him was willful, intentional, and malicious.

**ANSWER:** Denied.

20. Defendant Steven Manning (Caucasian male), an employee of MGM National Harbor Casino [Defendant] that falsely accused Ms. Taylor of verbally threatening him, is an instance of baseless accusation that harms and ruins African-Americans' lives while going about their daily life.

**ANSWER:** Denied.

21. The action of Steven Manning [Defendant, as outlined above, was intentional, extreme, and outrageous with malice intent to cause, or with a reckless disregard for the probability to cause, Plaintiff humiliation, mental anguish, and substantial and enduring emotional distress.

**ANSWER:** Denied.

22. As a consequence of Steven Manning [Defendant] 's action, Plaintiff has been slandered in the casino encompass and community and harmed damaging the plaintiffs previously unblemished reputation and credibility. protraying the plaintiff as dangerous, evil, vicious, cruel, bad-tempered, violent, aggressive, unlikable, unfriendly, and unbalanced to the guest, visitors, workers of MGM National Harbor Casino, and her community.

**ANSWER:** Denied.

23. Defendant Steven Manning's false statement Plaintiff verbally threatened him that was done with malice, caused harm, and injured Taylor constitutes the tort of slander warranting the imposition of exemplary and punitive damages.

**ANSWER:** Denied.

24. As a result of the wrongful, falsely, and malicious actions of Defendants described above, Plaintiff has suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to loss of reputation, physical and emotional pain and suffering, great mental distress, sadness, anxiety, stress, depression, anger, frustration, sleeplessness, fright, worry, fear, shame, loss of earnings, humiliation, embarrassment, emotional distress, feelings of racial stigmatization, an increased sense of vulnerability, and unlawful deprivation of her protected rights to exercise and enjoy equal treatment in place of public accommodation and having full access to and enjoyment of places of public accommodation without regard for race and or color. Also, Plaintiff suffered special damages including but not limited to loss of wages and enormous gambling losses at MGM National Harbor Casino that Ms. Taylor is unable to recoup because of, Steven Manning's [Defendant's] deliberate and malicious actions.

**ANSWER:** Denied.

## SECOND CAUSE OF ACTION
## (Violation of Title II)

25. Plaintiff repeat and reallege each and every allegation contained in paragraphs 1 through 24, inclusive, as through fully set forth at length herein.

**ANSWER:** Defendant repeats and realleges each and every response contained in paragraphs 1 through 24, as though fully set forth herein.

26. To establish a prima facie case for public accommodation discrimination, the Plaintiff must show that she: (1) is a member of a protected class, (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation, (3) was denied those benefits and enjoyment, and (4) was treated less favorably than similarly situated persons outside her protected class.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

27. Defendants knew Defendant Steven Manning's statement that Plaintiff verbally threatened him was false before banning Plaintiff on November 1, 2021; players at the craps table told MGM National Harbor Casino's security that they did not witness Taylor threatening Defendant Steven Manning. ¶ 8

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

28. Under Maryland law, Steven Manning [Defendant] Steve is legally guilty and at fault for making a false statement with malice that Plaintiff verbally threatened him to MGM National Harbor Casino [Defendant] 's Floor Supervisor, Manager on Duty (MOD), and Security.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

29. The DIFFERENCE between the African-American Plaintiff Saundra Taylor and the Caucasian Defendant Steven Manning, an employee of Defendant MGM National Harbor Casino that the officers acted in concert that made the false statement Plaintiff verbally threatened him, is the COLOR of their skin.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required. To the extent a response is required, Defendant vehemently denies the allegations in this paragraph.

30. MGM National Harbor Casino's [Defendant] security officers aided and abetted [Defendant] Steve Manning that wrongfully, maliciously, willfully, and intentionally made a false statement Plaintiff verbally threatened him.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

31. Defendants denied Plaintiff the use and enjoyment of the benefits, privileges, and terms that they extend to other similarly situated patrons who are not African American. Defendants treated Plaintiff differently from other visitors and guests in a place of public accommodation because of her race (Black). ¶¶ 8-10

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

32. On November 1, 2021, Plaintiff engaged in her constitutional conduct by seeking the assistance of the Oxon Hill Police Department. ¶ 9

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

33. On November 2, 2021, MGM Harbor Casino banned Plaintiff because she is black. The articulated reason for harassment was a pretext for unlawful discrimination. ¶ 9

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

34. Harassment under Maryland Criminal Law Code § 3-803 (2017) (a) Prohibited. --A person may not follow another in or about a public place or maliciously engage in a course of conduct that alarms or seriously annoys the other: (1) with the intent to harass, alarm, or annoy the other; (2) after receiving a reasonable warning or request to stop by or on behalf of the other; and (3) without a legal purpose. Compl. ¶ 9

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

35. Because of the previous ban in 2017, MGM National Harbor Casino [Defendant] forbade Ms. Taylor to dine at Bellagio Patisserie and escorted her to the visitor's parking lot. ¶10 Under Maryland Law, Taylor was not responsible nor liable for the poker dealer's mistake that the Poker Director absolved Plaintiff in 2017.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

36. On November 7, 2021, MGM Harbor Casino banned Plaintiff because she is black. The articulated reason for trespassing was also a pretext for unlawful discrimination.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

37. The effect of the actions and conduct of Defendants described above has deprived Ms. Taylor of her federally protected rights in a place of public accommodation at MGM National Harbor Casino.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

38. A place of public accommodation is prohibit to refuse, withhold, or deny any advantages, facilities, and privileges to anyone because of their race pursuant to Title II, 42 U.S.C. § 2000 (a), and Maryland Code, State Government §20-304.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

39. Pursuant to Title II, 42 U.S.C. § 2000(b), and Maryland Code, State Government §20-301 the MGM National Harbor Casino [Defendant] is a place of public accommodation.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

40. The (Bans) on November 2' and 7th, 2021, ¶¶ 9, 10 were in retaliation of Plaintiff engaged in her constitutional conduct seeking the assistance of the Oxon Hill Police Department on November 1, 2021. ¶ 9

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

41. MGM National Harbor Casino [Defendant] failed to take prompt and appropriate remedial action to prevent or correct further prohibitions of a place of public accommodations at MGM National Harbor Casino that violates Ms. Taylor's protected rights.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

42. The prohibitives (Bans) on November 1st, 2nd, and 7111, 2021, were unjustifiable, unlawful, and discriminatory. ¶¶ 8-10

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

43. The multiple unjustifiable, unlawful, and discriminatory prohibitives (Bans) described above violated Plaintiffs federally protected rights and were willful, intentional, in bad faith, done with malice, and deliberate indifference to Taylor's federally protected rights. ¶¶ 8-10

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

44. The discriminatory actions and conduct of MGM National Harbor Casino's security officers endured by Plaintiff is a shred of evidence that Defendants would continue to carry out practices violating African-Americans' dignity and protected rights like Plaintiff.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

45. Plaintiff committed no negligent acts that contributed to causing the subject incident on November 1st, 2nd, and 7th, 2021.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

46. As a result of the willful, and intentional actions of MGM National Harbor Casino's [Defendant] security officers described above, Plaintiff has suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to loss of reputation,

physical and emotional pain and suffering, great mental distress, sadness, anxiety, stress, depression, anger, frustration, sleeplessness, fright, worry, fear, shame, loss of earnings, humiliation, embarrassment, emotional distress, feelings of racial stigmatization, an increased sense of vulnerability, and unlawful deprivation of her protected rights to exercise and enjoy equal treatment in place of public accommodation and having full access to and enjoyment of places of public accommodation without regard for race and or color.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

### THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

47. Plaintiff repeat and reallege each and every allegation contained in paragraphs 1 through 46, inclusive, as through fully set forth at length herein.

**ANSWER:** Defendant repeats and realleges each and every response contained in paragraphs 1 through 46, as though fully set forth herein.

48. To establish IIED, a plaintiff need only show (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

49. On November 1" and 2' , 2021. Plaintiff engaged in constitutional conduct under the first amendment. ¶¶ 8-9

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

50. The action of Steven Manning [Defendant] falsely accusing Plaintiff of verbally threatening him on November 1, 2021 was willful, malicious, intentional, wrongful, extreme, and outrageous.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

51. As a consequence of the willful, malicious, intentional, wrongful, extreme, and outrageous action of Steven Manning [Defendant], on November 1, 2021, violated Ms. Taylor's federally protected rights under the First Amendment. ¶ 8

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

52. On November 2' and 7th, 2021, MGM National Harbor Casino intentionally and willfully retaliated against Plaintiff with a reckless or wanton disregard for Taylor's federally protected rights. ¶¶ 9,10 The extreme and outrageous conduct is outside of the bounds of what's tolerated by society.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

53. Through their concerted action, Defendants caused damages to Ms. Taylor as set forth by all the facts as stated herein.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

54. As a result of the actions and conduct of Defendants' prescribed above, Plaintiff has suffered harm to her reputation, humiliation, embarrassment, mental anguish, and distress.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

55. MGM National Harbor Casino's security officers willfully aided and abetted Defendant Steven Manning with conscious awareness that it could cause Taylor harm.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

56. Plaintiff has sustained and will continue to suffer damages as a direct and proximate result of Defendants' aiding and abetting.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

57. As a consequence of Defendants' wrongful, intentional, malicious, reckless and outrageous actions and conduct, Defendants intentionally inflicted emotional distress upon Plaintiff.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

58. Through Defendants' outrageous, wrongful, intentional, malicious, and reckless actions and conduct as described herein and above, Defendants acted with a discriminatory intent to cause, or with a reckless disregard for the probability to cause, Plaintiff humiliation, mental anguish, and substantial and enduring emotional distress.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

59. The intentional, malicious, reckless, extreme, and outrageous actions and conduct of Defendants caused emotional distress.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

60. As a direct and proximate result of the intentional, malicious, reckless, extreme, and outrageous actions and conduct of Defendants set forth above, caused Plaintiff severe emotional distress. Ms. Taylor suffers severe anxiety, a change in her daily activities unable to work, eat, sleep, worry, fear, a change in personality and attitude, anger, humiliation, shame, embarrassment, and loss of reputation.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

61. As a further direct and proximate result of the extreme, outrageous, malicious, reckless, and intentional actions and conduct of Defendants described above, Plaintiff has suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to physical and emotional pain and suffering, great mental distress, sadness, anxiety, stress, depression, anger, frustration, sleeplessness, fright, worry, fear, shame, loss of earnings, humiliation, embarrassment, emotional distress, feelings of racial stigmatization, an increased sense of vulnerability, and unlawful deprivation of her protected rights to exercise and enjoy equal treatment in place of public accommodation and having full access to and enjoyment of places of public accommodation without regard for race and or color.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

62. Plaintiff suffered severe emotional distress as a result of the outrageous actions and conduct of Defendants that reflects a malicious, intentional, willful, and reckless disregard of Plaintiff herein and warrant an award of punitive damages to Plaintiff.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

## FOURTH CAUSE OF ACTION
### (Negligent Hiring, Retention and Supervision)

63. Plaintiff repeat and reallege each and every allegation contained in paragraphs 1 through 62 as through fully set forth herein.

**ANSWER:** Defendant repeats and realleges each and every response contained in paragraphs 1 through 62, as though fully set forth herein.

64. To establish Negligent Hiring, Retention, and Supervision, a plaintiff need only show that (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring, [supervising], or retaining employee as the approximate cause of plaintiff's injuries.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

65. Defendants MGM Resorts International and MGM National Harbor Casino and their employees knew or should have known that Defendant Steven Manning was capable of defaming members of the public.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

66. Defendants MGM Resorts International and MGM National Harbor Casino and their employees knew or should have known of the ungracious behavior of their employee Defendant Steven Manning to perform his duties to carry out an equal, impartial, and reasonably safe environment for their patrons. At Exhibit 1, Lines 3-6.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

67. Ms. Taylor made several complaints about Defendant Steven Manning's biased and racist behavior targeting Plaintiff to the Floor Supervisors, subsequently to the banning on November 1, 2021. At Exhibit 1, lines 1-6.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

68. Defendants MGM Resorts International and MGM National Harbor Casino and their employees knew or should have known of the disqualifications and incapacity of their employee Steven Manning Defendant.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

69. Defendants MGM Resorts International and MGM National Harbor Casino and their employees had a duty to hire, retain well-qualified, objective, and diligent professionals. Included in this duty to properly train and monitor their employees and to take the necessary steps to ensure that each employee is fit for the position to provide an equal, impartial, fair, and reasonably safe environments for their patrons and guests.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

70. Defendants breached this duty by negligently hiring individuals who permitted or failed to prevent bias and a hazardous environment for their patrons and guests.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

71. Defendants had a duty to exercise reasonable care in supervising their employees in investigating discriminatory complaints and false accusations by Defendant Steven Manning that were made to numerous Floor Supervisors by Taylor.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

72. Despite having actual knowledge of Defendant Steven Manning's actions, the Defendants failed to train, supervise their employees, and protect Ms. Taylor. Instead, security scolded, reprimanded, harassed, humiliated, and degraded Plaintiff. Defendants denied Taylor's federally protected rights to an equal, impartial, and reasonably safe public place of accommodations because of her race.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

73. Defendant Steven Manning was acting within the scope and course of his employment as an employee of Defendant MGM Resorts International at MGM National Harbor Casino, a premise owned, operated, controlled, and maintained by MGM Resorts International.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

74. Defendants MGM Resorts International and MGM National Harbor Casino and their employees knew or should have known that Defendant Steven Manning had a history of racially biased behavior and misconduct and should not have permitted him to work with patrons.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

75. By hiring and continuing to employ Defendant Steven Manning, and failing to terminate his employment despite his inappropriate and unlawful conduct. Defendants MGM Resorts International and MGM National Harbor Casino neglected to protect their patrons, including Plaintiff, from hazards known to them.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

76. By failing to hire, retain, supervise, and train only those reasonably, ably, and responsibly employees, Defendants MGM Resorts International and MGM National Harbor Casino breached their duty to protect patrons from known hazards, including false accusations, harassment, abuse, and humiliation based on racial profiling Defendants MGM National Harbor Casino and MGM Resorts International caused Plaintiff to be injured.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

77. Defendants' negligent hiring, retention, and supervision were the actual and proximate cause of Ms. Taylor's injuries, damages, and losses.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

78. As a consequence of Defendants negligence described above, Plaintiff has suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to physical and emotional pain and suffering, great mental distress, sadness, anxiety, stress, depression, anger, frustration, sleeplessness, fright, worry, fear, shame, loss of earnings, humiliation, embarrassment, emotional distress, feelings of racial stigmatization, an increased sense of vulnerability, and unlawful deprivation of her protected rights to exercise and enjoy equal

treatment in place of public accommodation and having full access to and enjoyment of places of public accommodation without regard for race and or color.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

**FIFTH CAUSE OF ACTION**
**(Negligence)**

79. Plaintiff repeat and reallege each and every allegation contained in paragraphs 1 through 78, as through fully set forth herein.

**ANSWER:** Defendant repeats and realleges each and every response contained in paragraphs 1 through 78, as though fully set forth herein.

80. To establish Negligence, a plaintiff need only show (1) that the defendant was under a duty to protect the plaintiff from injury; (2) that the defendant breached that duty; (3) that the plaintiff suffered actual injury or loss; and (4) that the loss or injury proximately resulted from the defendant's breach of the duty.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

81. Defendants. MGM Resorts International and MGM National Harbor Casino, and their employees owed a duty to exercise reasonable care in eliminating unlawful discrimination to provide an equal, impartial, and fair environment, including a responsibility to exercise care in protecting and safeguarding their patrons.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

82. Defendants MGM Resorts International and MGM National Harbor Casino and their employees breached this duty to Plaintiff by failing to eliminate unlawful discrimination by providing an equal, impartial, fair, and reasonably safe environment for their patrons.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

83. MGM National Harbor Casino's ban of the Plaintiff on November 1. 2021, substantially assisted Defendant Steven Manning to accomplish the wrongful acts committed against Ms. Taylor.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

84. By breaching the aforementioned duties MGM Resorts International and MGM National Harbor Casino caused Plaintiff to be injured by the conduct of Defendant Steven Manning and their employees.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

85. Defendants' failure to exercise reasonable care to provide an equal, impartial, and fair environment, eliminating unlawful discrimination, which was the actual and proximate cause of Ms. Taylor's injuries, damages. and losses.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

86. As a consequence of Defendants negligence described above, Plaintiff has suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to physical and emotional pain and suffering, great mental distress, sadness, anxiety, stress.

depression, anger, frustration, sleeplessness, fright, worry, fear, shame, loss of earnings, humiliation. embarrassment, emotional distress, feelings of racial stigmatization, an increased sense of vulnerability, and unlawful deprivation of her protected rights to exercise and enjoy equal treatment in place of public accommodation and having full access to and enjoyment of places of public accommodation without regard for race and or color.

**ANSWER:** The allegations in this paragraph concern a claim dismissed by the Court and therefore no response is required.

WHEREFORE, Plaintiff brings this action against Defendants and prays that the Court grant the following relief:

(a) Remove the ban.

(b) Enjoin MGM National Harbor Casino from engaging in such practices that violate and deprive an individual of their protected rights.

(c) Order Defendant to develop appropriate and effective measures to receive complaints of violation of an individual's protected rights as well as a process for investigating such complaints;

(d) Award compensatory and punitive damages to Ms. Taylor to fully compensate Plaintiff for Ms. Taylor's injuries caused by Defendants' actions and conduct pursuant to and within the statutory limitations, together with reasonable attorney's fees, in bringing and preparing this case herself (pro se) for the time and research.

(e) For exemplary and punitive damages in an amount no less than three times the amount awarded to Plaintiff for compensatory damages

(f) Award additional relief as justice may require, other, and further relief as the Court may deem proper.

**ANSWER:** This paragraph is a prayer for relief to which no answer is required. To the extent that an answer is required, Defendant denies that he is liable to Plaintiff upon any theory of recovery and that Plaintiff is entitled to any of the relief listed in this paragraph or any other relief whatsoever.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**ANSWER:** Defendant admits that Plaintiff purports to demand a trial by jury.

## GENERAL DENIAL

Defendant denies all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses, without prejudice to his right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

1. Plaintiff's claims are barred in whole or in part because they fail to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

3. Plaintiff's defamation claims are barred in whole or in part because the allegedly defamatory statements are true.

4. Plaintiff's defamation claims are barred in whole or in part because the allegedly defamatory statements are subject to a qualified privilege.

5. Plaintiff's defamation claims are barred in whole or in part because the allegedly defamatory statements were never published to any third parties.

6. Plaintiff's claims for damages are barred or reduced by her failure to mitigate the alleged damages or by her mitigation of such damages.

7.     Plaintiff's claims for damages are barred in whole or in part because any losses or damages sustained by Plaintiff are *de minimus*, remote, speculative and/or transient and hence are not cognizable at law.

8.     If Plaintiff sustained any damages as alleged, such damages were not caused, directly or proximately, by any acts and/or omissions of Defendants.

9.     Plaintiff's own acts and omissions proximately caused and/or contributed to any loss, injury, damage or detriment Plaintiff sustained.

10.     Plaintiff's claims are barred in whole or in part because Defendants complied with the common law, as well as all applicable statutes and regulations.

11.     Defendants reserve the right to assert any additional defenses as they become known to it through discovery or otherwise.


May 17, 2023                          Respectfully submitted,

                                      **JACKSON LEWIS P.C.**


                                      _____/s/_____*Jeremy S. Schneider*_____
                                      Jeremy S. Schneider (MD Bar No. 14104)
                                      10701 Parkridge Blvd., Ste. 300
                                      Reston, VA 20191
                                      (703) 483-8300 – Telephone
                                      (703) 483-8301 – Fax
                                      Jeremy.Schneider@JacksonLewis.com

                                      ***Counsel for Defendants***

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on this 17th day of May, 2023, I caused a copy of the

foregoing *Answer and Affirmative Defenses to Plaintiff's Amended Complaint* to be electronically

filed with the Clerk of Court and sent to the following via U.S first class mail, postage prepaid:

> Saundra Taylor
> 1915 Tall Timber Court
> Fort Washington, Maryland 20744
>
> **Plaintiff Pro Se**

*/s/ Jeremy S. Schneider*

Jeremy S. Schneider (MD Bar No. 14104)
**JACKSON LEWIS P.C.**
10701 Parkridge Blvd., Ste. 300
Reston, VA 20191
(703) 483-8300 – Telephone
(703) 483-8301 – Fax
Jeremy.Schneider@JacksonLewis.com

**Counsel for Defendants**
