```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                  :
SAUNDRA TAYLOR
                                  :

    v.                            :   Civil Action No. DKC 21-3192

                                  :
MGM RESORTS INTERNATIONAL, LLC,
et al.                            :
```

**MEMORANDUM OPINION**

Plaintiff Saundra Taylor has filed a second motion for leave to file an amended complaint in this defamation action. (ECF No. 74).[1] In her motion, she seeks to reassert claims that the court has rejected three times already. For the reasons explained in the court's memorandum opinions on July 27, 2022 (ECF No. 17), April 11, 2023 (ECF No. 43), and May 8, 2023 (ECF No. 58),[2] and briefly reiterated below, the motion for leave to amend will be denied.

In her original complaint, Plaintiff alleged claims of (I) defamation, (II) violation of Title II of the Civil Rights Act of 1964, (III) intentional infliction of emotional distress, (IV) negligent hiring, retention, and supervision, and (V) negligence.

---

[1] Also pending is another motion for leave to file an amended complaint, which Plaintiff filed eight days before the other. (ECF No. 70). The first motion will be denied as moot.

[2] The relevant facts are explained more fully in those opinions.

(ECF No. 1).  Defendants moved to dismiss all counts for failure to state a claim, (ECF No. 9), and the court granted the motion in part and denied it in part on July 27, 2022, (ECF No. 17).  The court dismissed counts II through V, leaving only the defamation claim.  (ECF No. 18).

Plaintiff subsequently filed a motion for leave to amend her complaint to name Defendant Steven Manning and to reassert claims II through V.  (ECF No. 33).  The court granted the motion in part and denied it in part on April 11, 2023, allowing Plaintiff to amend the complaint to name Steven Manning but denying it insofar as it sought to revive counts II through V.  (ECF Nos. 43, 44).  Plaintiff filed a motion for reconsideration of that opinion and order, again seeking to have counts II through V reinstated.  (ECF No. 52).  The court denied that motion on May 8, 2023.[3]  (ECF Nos. 58, 59).

Plaintiff now moves for leave to amend her complaint again to reassert counts II through V.  After the initial time for amending pleadings has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). While courts "should freely give leave [to amend] when justice so requires," *id.*, leave is properly denied

---

[3] Plaintiff appealed the court's July 27, 2022, and May 8, 2023, orders.  (ECF Nos. 19, 61).  Both appeals were dismissed by the United States Court of Appeals for the Fourth Circuit.  (ECF Nos. 22, 68).

2

when "the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted). Plaintiff attached to her motion a proposed amended complaint, which she argues contains additional facts that cure the deficiencies previously identified by the court. It does not. As before, counts II through V do not contain sufficient facts to state plausible claims for relief, as required by the federal rules.

Plaintiff's Title II claim was dismissed because it failed to identify any comparators, a pattern of disparate treatment, or statements or conduct indicative of racial animus. Plaintiff proposes to add an allegation that, unlike how she was treated, "white patrons were not ban[ned] for disrespecting and abusing employees and the disturbance of business exercising their right to free speech." (ECF No. 74-3 at ¶ 35). She has not provided any factual enhancement regarding these alleged comparators, such as details of their disrespectful or abusive conduct and Defendants' response to it, that would permit the court to reasonably infer that Plaintiff was treated differently from similarly situated people of a different race. Plaintiff also seeks to allege that a "substantial motivating reason" for Defendants' actions was their "perception of [Plaintiff's] race." (*Id.* ¶ 32). These conclusory statements do not suffice to show

3

plausible racial animus. Even with the proposed additions, Plaintiff has failed to allege sufficient facts to raise her right to relief on her Title II claim above the speculative level.

Plaintiff's proposed amendments to her negligence claims also fail to remedy the deficiencies previously identified by the court. Although she rephrased her allegations, she has still not plausibly alleged that Defendant MGM knew or should have known that Mr. Manning was capable of defaming members of the public *prior* to the incident involving Plaintiff—she still refers only to complaints she made to Defendant MGM about Mr. Manning after the incident occurred. She has also still failed to allege more than conclusory statements in support of her claim that MGM negligently failed to protect Plaintiff from harm or discrimination. As for Plaintiff's intentional infliction of emotional distress claim, her proposed amended complaint adds no new facts and only rephrases facts that already appear in the complaint. Thus, she has still failed to allege conduct that rises to the level of "extreme and outrageous" conduct under Maryland law.

Because Plaintiff's proposed amendments to her complaint would be futile, Plaintiff's motion for leave to amend will be denied. A separate order will follow.

                                                                /s/
                              DEBORAH K. CHASANOW
                              United States District Judge