```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
                                  :
SAUNDRA TAYLOR
                                  :
    v.                            :   Civil Action No. DKC 21-3192
                                  :
MGM RESORTS INTERNATIONAL, LLC,
et al.                            :
```

**MEMORANDUM OPINION**

Plaintiff Saundra Taylor filed a motion for leave to file a third amended complaint on August 30, 2023, seeking to reassert previously dismissed Counts II through V. (ECF No. 79). Defendants filed a response in opposition on September 7, 2023 (ECF No. 80) and Plaintiff filed a reply on September 14, 2023 (ECF No. 82). Plaintiff filed another motion for leave to file a fourth amended complaint on October 19, 2023. (ECF No. 89). Defendants filed a response in opposition on November 1, 2023 (ECF No. 90) and Plaintiff filed a reply on November 7, 2023 (ECF No. 91). For the following reasons, Plaintiff's motions will be denied.

The court issued a memorandum opinion and order on July 27, 2022, dismissing Count II - violation of Title II of the Civil Rights Act of 1964; Count III - intentional infliction of emotional distress, Count IV - negligent hiring, retention, and supervision, and Count V - negligence. (ECF Nos. 17, 18). Count 1 - defamation

remained.  Plaintiff subsequently filed three motions for leave to amend, two interlocutory appeals, and a motion for reconsideration in an effort to reassert the dismissed counts.[1]  Although the court allowed Plaintiff to amend to name Steven Manning as a Defendant, Plaintiff was unsuccessful in reasserting Counts II through V.

"A party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Leave is properly denied when "the proposed amended complaint fails to satisfy the requirements of the federal rules."  *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted).

Plaintiff fails to identify any comparators, a pattern of disparate treatment, or statements or conduct indicative of racial animus.  The conclusory sentences added in the proposed third and fourth amended complaints fail to illustrate racial animus and fail to provide specific incidents alleging that MGM knew of any incidents where Mr. Manning defamed any member of the public prior to the incident involving Plaintiff.  Plaintiff's proposed additions reflect her viewpoint and allege no new facts or conduct

---

[1] *See* the court's memorandum opinions and orders denying leave to amend on April 11, 2023 (ECF Nos. 43, 44), May 8, 2023 (ECF Nos. 58, 59), and August 21, 2023 (ECF Nos. 76, 77), the court's memorandum opinion and order denying reconsideration (ECF Nos. 58, 59), and the judgments dismissing Plaintiff's interlocutory appeals issued by the United States Court of Appeals for the Fourth Circuit (ECF Nos. 22 and 68).

that rises to the level of "extreme and outrageous" conduct under Maryland law.

In sum, Plaintiff's proposed third and fourth amended complaints contain revised versions that do not contain sufficient facts to state claims for relief as required by the federal rules. Plaintiff's motions for leave to amend will be denied because her proposed amendments would be futile.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
